IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| United States of America ) | CR/A No. 6:17-cr-00426-DCC-2 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Ana Milena Barrero, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court on Defendant Ana Mileno Barrero's Pro Se Motion to release a copy of her Presentence Investigation Report ("PSR") to her mother for the purpose of receiving assistance with requesting possible relief from her sentence. ECF No. 185. The Government filed a Response in Opposition, and the United States Probation Office likewise opposes Defendant's request. ECF Nos. 190, 192. For the reasons set forth below, the Motion is denied.

## BACKGROUND

On August 17, 2017, Defendant pleaded guilty, pursuant to a written plea agreement, to Count I of a three-count Indictment, charging conspiracy to possess with intent to distribute and conspiracy to distribute a quantity of U-47700, butyryl fentanyl, furanyl fentanyl, and fentanyl and hydrocodone, and that death and serious bodily injury resulted from the use of such substances in violation of 21 U.S.C. §§ 841(a), (b)(1)(C), and 846. ECF Nos. 70, 76. On May 11, 2018, Defendant was sentenced by the Honorable J. Michelle Childs to 180 months of imprisonment and three years of supervised release. ECF No. 95. Thereafter, on May 13, 2019, Defendant filed a Motion

to Vacate Sentence pursuant to 28 U.S.C. § 2255, which was denied. ECF Nos. 104, 181. On August 28, 2020, Defendant filed a Motion for Compassionate Release, which was also denied. ECF Nos. 146, 177. Defendant filed her Pro Se Motion to release a copy of her PSR on August 22, 2022. ECF No. 185. The case was reassigned to the undersigned on August 24, 2022. The Motion is now before the Court.

## DISCUSSION

Defendant asks this Court to release a copy of her PSR to her mother for the purpose of receiving assistance with requesting possible relief from her sentence. ECF No. 185. Both the Government and the United States Probation Office oppose Defendant's request, as the PSR contains personal identifying information of victims and witnesses as well as other sensitive information. *See* ECF No. 190 at 2.

Having reviewed the applicable law and the arguments and submissions of the parties, the Court denies Defendant's Motion. Federal Rule of Criminal Procedure 32(e)(2) provides that "[t]he probation officer must give the presentence report to the defendant, the defendant's attorney, and an attorney for the government at least 35 days before sentencing unless the defendant waives this minimum period." While the Rule is silent regarding disclosure to third parties, the United States Supreme Court has stated that "in both civil and criminal cases the courts have been very reluctant to give *third parties* access to the presentence investigation report prepared for some other individual or individuals." *United States Dep't of Justice v. Julian*, 486 U.S.1, 12 (1988) (emphasis in original). The reasons for such reluctance have been described as follows:

> [O]ne reason for this is the fear that disclosure of the reports will have a chilling effect on the willingness of various individuals to contribute information that will be incorporated into the report. A second reason is the need to protect the confidentiality of the information contained in the report. Accordingly, courts have typically required some showing of special need before they will allow a third party to obtain a copy of a presentence report.

*Id.* (internal citations omitted). Similarly, the United States Court of Appeals for the Fourth Circuit has stated that "information contained in a presentence report should not be disclosed to third parties unless lifting confidentiality is required to meet the ends of justice." *United States v. Figurski*, 545 F.2d 389, 391 (4th Cir. 1976) (quoting *Hancock Bros., Inc. v. Jones*, 293 F.Supp. 1229, 1233 (N.D. Cal. 1968)).

Here, Defendant seeks to have the Court release a copy of her PSR to her mother for the purpose of receiving assistance with requesting possible relief from her sentence. Defendant's Motion is silent as to any specifics regarding the nature of any such relief outside of a general reference to "early release options" and "my First Step Act eligibility." Accordingly, upon review, the Court finds that Defendant has not shown any special need for her mother to obtain a copy of her PSR, nor has she established that lifting the confidentiality embedded in the PSR is required to meet the ends of justice in this case. Therefore, Defendant's Motion is denied.

## CONCLUSION

For the reasons set forth above, Defendant's Pro Se Motion [185] is **DENIED**.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.<br>
United States District Judge

September 20, 2022

4

Spartanburg, South Carolina